UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK                           **NOT FOR PUBLICATION**
-------------------------------------------------------------------
In re
    RUTH A. RYAN, aka Chaussures,Ltd.,
    fka 2210 Management Inc.                          Case No. 05-93852K

                               Debtor
-------------------------------------------------------------------
ALLIANCE BARTER, INC.
                               Plaintiff

          -vs-                                         AP No. 05-1310 K

RUTH RYAN
                               Defendant
-------------------------------------------------------------------


Richard J. Evans, Esq.
95 Allens Creek Road, Suite 103
Rochester, NY 14618

Attorney for Plaintiff


David D. MacKnight, Esq.
Lacy Katzen, LLP
The Granite Building
130 East Main Street
Rochester, NY 14604-1686

Attorney for Defendant


**OPINION AND ORDER**

       The Debtor has moved for Summary Judgment. The Plaintiff has cross-moved for Summary Judgment on 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6) causes of action pertaining to a $62,610.28 pre-petition judgment it obtained in State Court.

       At oral argument on January 14, 2009, the Plaintiff made a factual assertion

which, if true, could give rise to a § 523(a)(2)(B) Cause of Action that has never been pled. For the reasons set forth by the Debtor since then, the Court will not presently consider the Complaint in a § 523(a)(2)(B) light, but rather will deem the assertion simply to be further evidence (if proven) offered in support of the § 523(a)(2)(A) and (a)(6) Causes of Action.

Both motions are denied.

(In denying Motions for Summary Judgment, it is this writer's practice to say as little as possible regarding the Court's thought processes. This is to avoid inadvertently providing guidance to one side or the other as to how to try the case. Hence, the following is somewhat cryptic.)

The Plaintiff's motion is denied because the Debtor has not admitted culpable intent. Thus the motion rests on the Court's ability to discern her intentions, and to find wrongful intent as a <u>necessary</u> implication from her admitted actions. Having read her testimony, the Court cannot so find. Trial is necessary so that the Court may observe her demeanor, etc.

The Debtor's motion is denied because it rests primarily on two theories. The first is that the Plaintiff is chargeable with notice that the Debtor had restructured her businesses, and waived objection thereto. The second is that the Plaintiff caused its own injury by failing to renew its UCC lien. As to the first theory, the fact that the Plaintiff accepted payment from and otherwise dealt with an entity other than the initial borrower does not mean that it should have known that its collateral was gone.

The second theory stands, at the most, for the proposition that the Plaintiff decided to trust the Debtor, instead of its lien. The Debtor had various continuing duties under the original barter agreement. If she earned the trust of the Plaintiff (and of CNB) only by violating those duties, then she cannot be rewarded therefor if the violations fall within the realm of "fraud" or "wilful and malicious injury."

However, the issues to be tried can be limited. Since the relevant occurrences seem largely to be undisputed, the trial can be limited to Ms. Ryan's knowledge and intent.

Counsel are directed either to (1) promptly prepare a list of stipulated facts, or (2) promptly fashion language that stipulates to the financial occurrences addressed in the February 2, 2006 deposition testimony and/or to the undisputed facts as set forth in counsels' respective submissions.

Thereafter, a date may be selected for a trial solely on the matter of Ms. Ryan's knowledge and intent at material points in time.

The matter is restored to the calendar for a telephonic pre-trial on **March 31, 2009 at 11:00 a.m.** to select a trial date and time.

SO ORDERED.

Dated:     Buffalo, New York
           March 17, 2009


                                                           s/Michael J. Kaplan
                                                    _____
                                                                 U.S.B.J.